UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANITA EVANGELIST,

       Plaintiff,                            CIV. NO. 12-15687

       v.                                  HON. TERRENCE G. BERG

                                      HON. R. STEVEN WHALEN

GREEN TREE SERVICING, LLC,
BANK OF AMERICA, N.A. and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,

       Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RELIEF FROM JUDGMENT (DKT. 25)**

      Anita Evangelist, proceeding *in pro per*, ("Plaintiff") initiated this lawsuit in the Wayne County Circuit Court seeking to challenge the foreclosure of her mortgage, and Defendants removed it to this Court. On May 31, 2013, the Court granted Defendants' motions to dismiss and dismissed Plaintiff's Complaint with prejudice (Dkt. 23). In that order, the Court noted that this case is another in a string of *pro se* complaints that appear to originate from a common source. In brief, the similarities in these pleadings suggest that someone, possibly an attorney, may be ghost-writing "*pro se*" pleadings for use in cases challenging mortgage

foreclosures. A large number of these complaints have previously been dismissed, by several Courts in this district, for failure to state a claim.[1]

On June 25, 2013, Plaintiff filed a motion for relief from judgment (Dkt. 25). For the reasons set forth below, Plaintiff's motion is **DENIED**.

## DISCUSSION

Under Rule 60(b), a district court may grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b).

Plaintiff does not specify which subsection of Rule 60(b) applies to her request for relief, but appears to contend that the Court's dismissal should be set

---

[1] *See, e.g.*, *Brown v. Chase Bank, N.A.*, Case No. 12–11440, 2013 WL 1278523 (E.D. Mich. Jan. 18, 2013) (Komives, M.J.) *report and recommendation adopted,* 2013 WL 1281919 (E.D. Mich. Mar. 26, 2013) (Lawson, J.); *Ross v. Wells Fargo Bank, N.A.*, Case No. 12–13387, 2013 WL 173771 (E.D. Mich. Jan. 16, 2013) (Steeh, J.); *Duncan v. Bank of Am., N.A.*, Case No. 12–12510, 2012 WL 5383147 (E.D. Mich. Oct. 15, 2012) (Randon, M.J.) *report and recommendation adopted,* 2012 WL 5383156 (E.D. Mich. Nov. 1, 2012) (Friedman, J.); *Ybarra v. Wells Fargo*, Case No. 12–12293, 2013 WL 593854 (E.D. Mich. Jan. 18, 2013) (Komives, M.J.) *report and recommendation adopted,* 2013 WL 593482 (E.D. Mich. Feb. 15, 2013) (Edmunds, J.); *Marks v. Bank of Am.*, Case No. 12–11364, 2012 WL 7657888 (E.D. Mich. Nov. 1, 2012) (Majzoub, M.J.) *report and recommendation adopted,* 2013 WL 823413 (E.D. Mich. Mar. 6, 2013) (Cook, J.).

aside or vacated because of mistake, inadvertence, surprise, or excusable neglect pursuant to Rule 60(b)(1) or for "other" relief pursuant to Rule 60(b)(6). Although courts have some discretion in granting relief from judgment under Rule 60(b), that power is limited by the public policy favoring finality of judgments. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). This is "especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Id*. (quotations & citation omitted). Accordingly, "courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *Id*. To be corrected, under Rule 60(b)(1), a mistake of law by the court must involve a fundamental misconception of law or a conflict with a clear statutory mandate. *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000).

Against that backdrop, the Court will deny Plaintiff's motion for relief from judgment, because she has failed to offer any arguments that this Court had not already considered—and rejected—in its prior Order granting Defendants' motions to dismiss (Dkt. 23). Plaintiff's motion essentially "request[s] reconsideration and rehearing" (Dkt. 25 at 13) of the Court's ruling dismissing her Complaint.[2] But a motion for reconsideration that presents issues already ruled upon by the Court,

---

[2] Motions for reconsideration "must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). Plaintiff's motion was filed more than three weeks after the Court's order granting Defendants' motions to dismiss. Thus, Plaintiff's motion—if construed as a motion for reconsideration—is untimely.

either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Plaintiff's motion argues that the Court used the "wrong legal standard" in its prior order, but does not specifically point to a defect in the Court's reasoning. Rather, Plaintiff attempts to re-litigate her arguments concerning her entitlement to a loan modification, the allegedly improper use of "robo-signers," REMIC and UCC violations, challenges to the assignment of her mortgage, and the general invalidity of her mortgage. These are all arguments that the Court previously considered when granting Defendants' motions to dismiss.

Plaintiff has neither met her burden of showing a mistake or palpable defect by which the Court has been misled nor her burden of showing that a different disposition must result from a correction thereof, as required by E.D. Mich. LR 7.1(h)(3) or Rule 60(b). The Court properly dismissed the Complaint for failure to state a claim upon which relief may be granted. Plaintiff's motion for relief from judgment is therefore **DENIED**.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: August 2, 2013

**Certificate of Service**

I hereby certify that this Order was electronically submitted on August 2, 2013, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager
